UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MAJOR JAMES,                                          :

                                  Petitioner,          :

            -against-                                  :            MEMORANDUM DECISION
                                                        :            AND ORDER
MICHAEL CAPRA, *Superintendent*,                       :
                                                        :            19 Civ. 6966 (GBD) (KNF)
                                                        :
                                  Respondent.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

*Pro se* Petitioner Major James seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging his judgment of conviction for second-degree and third-degree robbery following a

jury trial and a sentence to an aggregate term of 15 years to life as a persistent felony offender in

New York County Supreme Court. (*See* Pet., ECF No. 2.) The Appellate Division unanimously

affirmed Petitioner's judgment of conviction and the Court of Appeals denied leave to appeal.

*People v. James*, 75 N.Y.S.3d 186, 187–88 (App. Div. 1st Dep't), *leave to appeal denied*, 84

N.Y.S.3d 865 (N.Y. 2018). Petitioner now seeks to challenge his conviction and sentence on the

grounds that his due process rights were violated during the grand jury proceedings, his right to a

fair trial was denied, and his sentence is excessive. (Pet. at 3.)

Before this Court is Magistrate Judge Kevin Nathaniel Fox's April 13, 2020 Report and

Recommendation (the "Report"), recommending that Petitioner's habeas corpus petition be

denied.[1] (Report, ECF No. 14, at 6.) Magistrate Judge Fox advised the parties that failure to file

timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 7.)

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I.   FACTUAL BACKGROUND

Petitioner alleges that the central issue before the grand jury was his identity as the perpetrator of the robbery due to a lack of physical and identification evidence. (Pet. at 6.) Petitioner further claims that failure to cure Detective Ryan Curley's use of propensity and hearsay testimony concerning Petitioner's identity as the robber "impaired the integrity" of the grand jury proceedings and violated his due process rights. (*Id.*) Petitioner maintains that the initial evidence presented by the prosecutor was "insufficient to persuade the grand jury" that he was the robber and that the grand jury voted a true bill only after hearing Detective Curley testify repeatedly on hearsay evidence offered by non-testifying officers, who identified Petitioner as the robber based on surveillance video footage depicting the robbery and the aftermath. (*Id.* at 6–7.) Accordingly, Petitioner asserts that despite acknowledging that certain evidence was improperly admitted, the appellate court ultimately erred in holding that such error was harmless and not prejudicial. (*Id.* at 7.)

Petitioner also claims the trial court erred in permitting evidence of his fourth-degree grand larceny conviction from 2006 and his third-degree robbery conviction from 2010 under the so-called "identity" or "modus operandi" exception to the *Molineux* rule. (*Id.* at 9.)   In particular, Petitioner contends that there "is nothing unique about the two prior or instant crimes to make it probative of defendant's identity," and thus admitting evidence of the prior convictions was highly prejudicial to him. (*Id.* at 12.) Petitioner asserts that the trial court did not provide proper limiting instructions to preclude the harmful effect of permitting evidence of his prior convictions, and thus denied him the right to a fair trial. (*Id.*)

Lastly, Petitioner asserts that his sentence should be reduced from a term of 15 years to life to a range of 5 to 15 years based on his non-violent prior convictions, minor and unintentional injury to the victims, and his potential for rehabilitation. (*Id.* at 13.)

Respondent argues that Petitioner's first claim—that the use of Detective Curley's hearsay testimony impaired the integrity of the grand jury proceeding and violated his due process rights— is not cognizable under federal habeas corpus review. (Mem. of Law in Opp'n to the Pet. for a Writ of Habeas Corpus, ECF No. 10, at 20.) Respondent contends that there is "no federal constitutional right to be indicted by a grand jury prior to trial in a state criminal action" and that "under federal law, any defects connected with a grand jury's charging decision are cured by the petit jury's conviction." (*Id.* at 20–21 (quoting *Thompson v. Kelly*, No. 97 Civ. 258H, 1999 WL 166820, at *2 (W.D.N.Y. Feb. 4, 1999)).) Relying upon decisions in this Circuit, Respondent asserts that district courts reviewing habeas corpus petitions have consistently held that claims of prosecutorial misconduct in grand jury proceedings are non-cognizable. (*Id.*)

Additionally, Respondent refutes Petitioner's second claim—that the trial court violated the *Molineux* standard by incorrectly admitting evidence of Petitioner's two prior convictions— on the basis that it is also non-cognizable on federal habeas review. (*Id.* at 22 (citing *People v. Molineux*, 61 N.E. 286 (N.Y. 1901)).) Respondent argues that even assuming, *arguendo*, it is deemed cognizable, Petitioner's claim is nonetheless without merit because the "Appellate Division's denial of the claim did not unreasonably apply clearly established Supreme Court law." (*Id.*) Finally, Respondent asserts that Petitioner's excessive sentence claim is also not cognizable upon federal habeas review. (*Id.* at 32.)

3

## II.    LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. *Pro Se* Litigants.

Submissions of *pro se* litigants are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). The Second Circuit has held that "special solicitude should be afforded pro se litigants generally, when confronted with motions for summary judgment." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988).

### III.    THE PETITION FOR WRIT OF HABEAS CORPUS IS DENIED

Federal courts may not grant a writ of habeas corpus as to any claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

28 U.S.C. § 2254(d).  Here, Magistrate Judge Fox correctly found that Petitioner's due process, fair trial, and excessive sentence claims do not warrant habeas corpus relief.

**A. Petitioner's Due Process Rights Were Not Violated at the Grand Jury Proceeding.**

The appellate court found that dismissal of the grand jury's indictment was not warranted under New York Criminal Procedure Law ("CPL") § 210.35(5). (Report at 5.) Despite Petitioner's contentions that prosecutorial misconduct violated his due process rights, he did not cite to, nor did Magistrate Judge Fox find, any established federal law holding that the appellate court's decision was improper.  (*Id.* at 6.)  Accordingly, Petitioner's due process and prosecutorial misconduct claims do not provide grounds for habeas corpus relief.

**B. Admission of Petitioner's Prior Convictions Did Not Deny Him a Fair Trial.**

Relying upon *Estelle v. McGuire*, 502 U.S. 62 (1991), Magistrate Judge Fox properly found that the state court's ruling is not subject to federal habeas corpus review.  (Report at 6 (citing *Estelle*, 502 U.S. at 67–68).)  Moreover, Magistrate Judge Fox correctly determined that Petitioner failed to cite to any established federal law contrary to the appellate court's holding that Petitioner's right to fair trial was not impaired due to the admission of his previous convictions into evidence.  (*Id.*)  Indeed, the Supreme Court has emphasized that federal habeas courts should refrain from reexamining state court determinations and limit habeas review to whether "a conviction violated the [C]onstitution, laws, or treaties of the United States."  *Butler v. Cunningham*, 313 F. App'x 400, 401 (2d. Cir. 2009) (quoting *Estelle*, 502 U.S. at 68).  Therefore, a determination that Petitioner was denied a fair trial is not warranted under federal habeas corpus review.

**C. Petitioner's Sentence is Within the State's Statutory Prescribed Range.**

Magistrate Judge Fox correctly held that Petitioner failed to demonstrate that his sentence exceeds the statutory range prescribed by state law. Where a sentence is within the statutorily prescribed range, "[n]o federal constitutional issue is presented." (Report at 6 (quoting *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)).) Accordingly, because Petitioner does not contend that his sentence is outside the state's statutorily prescribed range, his excessive sentence claim is without merit. (Report at 6.)

## IV.   CONCLUSION

Magistrate Judge Fox's Report is ADOPTED. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2), is therefore DENIED. The Clerk of Court is directed close the motion accordingly, and to mail a copy of this memorandum decision and order to Petitioner.

Dated: New York, New York
June 11, 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

6